98 So.2d 611

**J. M. KEEL**

v.

**R. L. WEINMAN, Jr., et al.**

6 Div. 125.

Supreme Court of Alabama.

Nov. 21, 1957.

Abele & Witcher, Birmingham, for appellees.

Jerome Phillips, Birmingham, for appellant.

## PER CURIAM.

This is an appeal from a final judgment rendered at law in favor of plaintiffs (man and wife) who are the appellees here.

There are two counts in the complaint—A and B. They both allege the existence of a contract between plaintiffs and defendant in which defendant agreed to survey certain property, which we shall hereinafter describe as lots 16 and 17, and to locate the house in which the plaintiffs were living within said lots.

In count A it is alleged that "defendant breached his contract by not accurately and correctly locating the house in that the defendant located the house on lot 17 instead of lot 16 which in fact the house is on". The complaint then makes claim for certain special damages.

Count B adopts all of count A except that in lieu of the allegation that defendant breached his contract, count B substitutes an allegation "that the defendant negligently conducted said survey"; and also subsequence of defendant's negligence" for the stitutes the words that as a "proximate conwords as a "proximate consequence of defendant's breach of contract".

There was no demurrer to the complaint. Defendant filed a plea of the statute of limitations of one year applicable to both counts separately. The plea was in Code form. Section 233(35), Title 7, Code of 1940. The court sustained the demurrer to the plea as to count A (based on the

breach of a simple contract), and overruled the demurrer as to count B (based on negligence). To count A the limitation is six years. Section 21, Title 7, Code. To count B the limitation is one year. Section 26, Title 7, Code. The ruling on the demurrer to the plea as to each count was in accordance with the statute. It did not eliminate count B as appellant contends, but served to form an issue in the case.

■ The evidence showed that the cause of action arose more than one year before the suit was instituted. That entitled defendant to the affirmative charge as to count B. But the form in which it was requested was "The defendant respectfully requests the general charge in his favor as to count B of the amended complaint". We cannot reverse the trial judge for refusing such a charge. A requested charge must be given or refused in the language in which it is requested. Section 273, Title 7, Code; Porter v. State, 234 Ala. 11, 174 So. 311; Fuller v. Nazal, 259 Ala. 598, 67 So. 2d 806. A request for the court to charge as stated above cannot be reviewed.

The first assignment of error relates to a ruling on the demurrer to the plea of the statute of limitations as an answer to count A. For the reasons which we have stated above, there is no error shown by the assignment. Lassiter v. Thompson, 85 Ala. 223, 6 So. 33.

■ The second assignment of error is that the court erred in overruling defendant's motion for a new trial. The motion contained as a ground that the verdict of the jury was contrary to the great weight of the evidence, and also a ground that it is contrary to the facts in the case. Appellant's counsel in brief argue those grounds of the motion. They are therefore properly presented for review on this appeal. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358.

■ The evidence shows that plaintiffs-appellees made application to Family Reserve Insurance Company for a FHA loan in the sum of $4,300; that the Family Reserve Insurance Company obtained J. M. Keel, defendant-appellant, to survey the property in order to determine whether they would make the loan.

The evidence further shows that plaintiffs-appellees had no direct contact with defendant, but defendant's wife made the arrangements for the survey. At the closing of the loan the cost of the survey was charged by Family Reserve Insurance Company to plaintiffs-appellees and at that time plaintiff-appellee R. L. Weinman, Jr., handed Mrs. J. M. Keel, wife of defendant-appellant, thirty-two and a half dollars, the charge made by the defendant for the survey.

The record discloses that appellant's wife, Mrs. J. M. Keel, testified on direct examination as follows:

"Q. What is your occupation, Mrs. Keel? A. I am now the business supervisor of the Liberty Life Insurance loan department.

"Q. Did they take over this business from the Family Reserve? A. Yes, sir, they did.

"Q. What does your husband do? A. He is a civil engineer, land surveyor.

"Q. Is your husband connected with the Liberty National Life Insurance Company or the Family Reserve Life Insurance Company in any way? A. No, sir.

"Q. At that time (application for the loan) was there anything said to you by Mr. Weinman that he wanted any property surveyed by anybody? A. No, sir, but I always explain to my client what the loan expenses will be, which always included the survey. That is one of our requirements. * * * That is the requirement; and I explained to Mr. Weinman we would have to have it, if he wanted to make it, we would order it for him".

On Recross Examination.

"Q. The survey comes out of the cost of the loan, doesn't it? A. Yes, sir.

"Q. Doesn't the mortgagor pay the cost of the loan? A. That is his expense.

"Q. That either you personally or the company would, if he desired, take care of the employing a surveyor for him, Mr. Weinman? A. Well, the survey was for Family Reserve Insurance Company for determining or verifying whether the loan would be eligible.

"Q. I know, but you tell me,—start back again, Mrs Keel, you tell the people that they have a surveyor of their own, you say, a licensed surveyor? A. That is right.

"Q. But your husband was a licensed surveyor and, if they didn't have any particular choice, that he would do it? A. I don't recall that my husband's name was mentioned at all.

"Q. I mean that you could provide a surveyor. A. That is right.

"Q. But it was to be at Mr. Weinman's expense? A. As part of the loan expense."

On Redirect Examination.

"Q. The survey was for the purpose of Family Reserve Insurance Company to determine whether or not they wanted to make the loan wasn't it? A. That is right.

"Q. It was for the Family Reserve, wasn't it? A. Yes, sir. * * *

"Q. But you allow him the privilege, the Family Reserve allowed him the privilege of selecting the surveyor so long as he was a licensed surveyor? A. Correct."

It is a rule that when the contract is "verbal the jury must find its terms. True, there is a field for the court, when there is no conflict in the evidence and the terms are positively stated, so that they need only to be construed. But, though no conflict may exist in the evidence, if the intention of the parties is doubtful, the jury must determine what agreement was made". Swanner v. Swanner, 50 Ala. 66.

When the contract is "verbal, and detailed by witnesses, it seems that its terms and the intention of the parties ought to be found by the jury, notwithstanding there is no other conflict in the testimony than the uncertainty of the intention arising from the narration". Cox v. Knight's Adm'r, 49 Ala. 173.

A motion for a new trial must be granted if the finding of the jury is contrary to the great weight of the evidence (or the facts established by the great weight of the evidence). Sections 276 and 764, Title 7, Code; Dees v. Lindsey Mill Co., 210 Ala. 183, 97 So. 647.

There is no dispute in the evidence in the respect here under consideration. The question is, was the import of Mrs. Keel's testimony in connection with all the other circumstances that she was acting as agent for Mr. Weinman by his authority, or simply that it was for his benefit and the cost of the survey must be paid by him. Considering the whole of her testimony on that subject in connection with all the circumstances shown by the evidence, and the ruling of the court denying the motion for a new trial, we cannot say that the court erred in holding that the verdict of the jury reflected the intention of the parties.

There was therefore no error in overruling the motion for a new trial. It results that the judgment of the trial court should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title

13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, SIMPSON, GOODWYN, MERRILL and COLEMAN, JJ., concur.

STAKELY, J., not sitting.