174 So.2d 331

**Wilson Davis ALLEN, Pro Aml,**

**v.**

**Ida S. HARPER.**

**6 Div. 914.**

Supreme Court of Alabama.

April 15, 1965.

.Mead, .Norman & Fitzpatrick, Birmingham, for appellant.

Gordon Abele, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This is an appeal from a judgment of the trial court setting aside the verdict of the jury and the judgment rendered thereon and granting appellee, plaintiff in the court below, a new trial. The judgment set aside by the trial court awarded the plaintiff $50 as damages for personal injuries and property damages arising out of the collision of two automobiles in the City of Birmingham. The plaintiff seasonably filed a motion for a new trial containing many grounds, several of which questioned the adequacy of the damages. The order granting the motion for a new trial was general in .form, that is, it was not based specifically on any single ground.

In view of another trial, we limit the discussion of the details of the evidence in this case.' The plaintiff in the court below was approaching an intersection in the City of Birmingham, Alabama. She stopped for a red light, and the defendant in the court below was following some distance behind plaintiff's car. When the light turned red, defendant put on his brakes, but they did not hold well on the wet street. Defendant's automobile slid into the rear of plaintiff's automobile. The force of the impact knocked defendant's foot off the brake and onto the accelerator, resulting in plaintiff's automobile being bumped, or knocked, 20 feet into said intersection. Plaintiff suf-

fered an injury to her head. She was carried to the emergency clinic of the University Hospital and was treated for injuries to her head, and immediately left the hospital. Several months' later, plaintiff sought further medical attention and thereafter continued to call on a physician for some 40 therapy treatments. She testified, without objection, that before the collision her car was worth $1800, and that immediately after the collision it was worth $1300. There was conflicting testimony concerning the extent of personal and property damages.

■ An order denying or granting a motion for a new trial need not recite the ground on which the court bases its action, and where the motion is based on several grounds, it is within the discretion of the court to grant it generally without assigning specific reasons. Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331.

■ The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because it is not supported by the evidence, or because it is opposed to the clear and convincing weight of the evidence. In either case, the inquiry is directed to one feature of the verdict, the damages awarded.

■ Speaking of the power and duty of the trial court in dealing with a verdict for inadequate damages, this Court held in Yarbrough v. Mallory, 225 Ala. 579, 582, 144 So. 447, 449:

"* * * 'That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trier of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power

and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues.' Birmingham News Co. v. Lester, 222 Ala. 503, 504, 133 So. 270."

■ Camp v. Atlantic Coast Line R. Co., 251 Ala. 184, 36 So.2d 331, in pertinent part, reads as follows:

"But the principle of the common law is fully supported in Alabama, that it is the duty of the trial court on motion to set aside a verdict and grant a new trial if the judge has a definite and well considered opinion from the evidence that the verdict was unjust under the pleadings. And because the trial court saw and heard the witnesses, presumption is indulged in favor of its ruling granting or refusing a new trial. Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Batson v. State [ex rel. Davis], 216 Ala. 275, 113 So. 300; Cobb v. Malone, 92 Ala. 630, 9 So. 738. And that if the court grants a new trial on the ground that the verdict is contrary to the great weight of the evidence, or that the verdict is unjust on the basis of the evidence, the court on appeal will not reverse unless the evidence plainly and palpably supports the verdict. Williams v. Birmingham Water Works Co., 230 Ala. 438, 162 So. 95; Lindsay Products Corp. v. Alabama Securities Corp., 247 Ala. 662, 25 So.2d 852; Schaeffer v. Walker, supra; Parker v. Hayes Lumber Co., supra.

"In granting the motion for a new trial, the trial court expressed no opinion and assigned no ground which he thought justified his ruling. We will therefore indulge the presumption that it was because he thought the verdict was contrary to the great preponder-

ance of the evidence, or that the verdict was unjust in the light of the evidence. * * * *"

We said in the case of Taylor v. Brownell-O'Hear Pontiac Company, 265 Ala. 468, 91 So.2d 828:

"* * * There is a presumption that the court's discretion was properly exercised. The lower court will not be reversed unless the record plainly and palpably shows that the trial court was in error. German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; Lasseter v. King, 33 Ala.App. 204, 31 So. 2d 586, certiorari denied 249 Ala. 422, 31 So.2d 588."

After careful examination of the record, we find nothing to support the conclusion that the trial judge was "plainly and palpably" wrong. It follows that the order of the lower court granting the motion for a new trial should be, and is, affirmed.

Affirmed.

SIMPSON, MERRILL and HARWOOD, JJ., concur.