286 So.2d 47

### SUPER X DRUGS OF ALABAMA, INC.

### v.

### Dianna Lynn MARTZ, a minor suing by her father and next friend, Emmett L. Martz.

### Civ. 189.

Court of Civil Appeals of Alabama.

Nov. 14, 1973.

**371**

No brief for appellee.

BRADLEY, Judge.

Plaintiff, Dianna Lynn Martz, a minor, suing by her father as next friend, filed an action against Super X Drugs of Alabama, Inc. in the Circuit Court of Madison County seeking damages for an assault and battery and false imprisonment. The demurrer filed to the complaint was overruled and the defendant then filed two pleas raising the general issue and two pleas filed to the complaint as a whole raising as a defense Title 14, Section 334(1), Code of Alabama 1940, as Recompiled 1958. Demurrers filed to the special pleas were sustained and those filed to the general issue were overruled. A jury trial resulted in a verdict for plaintiff in the amount of $1,000.00.

Smith & Sturdivant, Huntsville, for appellant.

The tendencies of the evidence reveal that Miss Martz, a fifteen year old, went to defendant's place of business to shop, and, while in the store, she picked up various objects and examined them and then put them down. These movements came to the attention of the store employees and they began to observe her more closely. Miss Martz finally purchased some baby shampoo and went through the check-out lane to pay for it. After paying for the merchandise but before leaving the store, she was stopped by one of defendant's employees. This was accomplished by taking hold of her shoulder. The employee then asked to look through her bags; Miss Martz offered her handbag but was told that an inspection of her other bags was desired. Miss Martz complied with the request, and, no stolen merchandise being found, she was permitted to go on her way.

During the trial Miss Martz stated that before she went in defendant's store she felt fine, but afterwards she would not shop alone but only in the company of her mother.

■ Defendant filed twenty-seven assignments of error with no argument being offered in support of assignments two, fourteen and twenty-seven. An assignment not argued is considered waived. Rule 9, Supreme Court Rules. Furthermore, arguments offered in support of assignments five, six, thirteen, fifteen, sixteen, seventeen, twenty-three and twenty-five are not based on any legal authority. i. e., no legal authorities are cited or argued. Where this occurs the effect is the same as if no argument had been made and the Supreme Court considers those assignments as waived. Alabama Elec. Co-op., Inc. v. Partridge, 284 Ala. 442, 225 So.2d 848.

Assignments of error seven through twelve relate to the admission of testimony concerning Miss Martz's mental state before and after the incident at defendant's store. The argument offered in support of these assignments is to the effect that direct evidence as to mental condition is in-admissible. However in Gadsden General Hospital v. Hamilton, 212 Ala. 531, 103 So. 553, it was held that testimony by the plaintiff that she suffered nightmares and nervousness after being unlawfully detained was admissible to show mental suffering. In the instant case the objectionable testimony was to the effect that Miss Martz had become more nervous after the encounter at defendant's store, that she will not go shopping alone, that her mother has to be with her.

■ Based on the authority of the Hamilton case, we find no error in admitting the testimony as to plaintiff's mental state resulting from the stopping and searching of her bags in defendant's store.

The remaining assignments of error pertain to the action of the trial court in regard to the false imprisonment count of the complaint.

The complaint contained two counts, one for false imprisonment and the other for assault and battery.

■ The defendant argues that the trial court erroneously overruled his demurrer to the false imprisonment count of the complaint for the reason that said count alleged that plaintiff's imprisonment was wrongful. It contends that the proper word in such an allegation is *unlawful*.

In Hotel Tutwiler Operating Co. v. Evans, 208 Ala. 252, 94 So. 120, the Supreme Court said that the use of the word "wrongful" rather than the word "unlawful" in a complaint charging false imprisonment is not bad on demurrer for the reason that, ". . . A wrongful arrest or imprisonment is not rightful; and, if not rightful, it is necessarily unlawful." We therefore find no error in the overruling of the demurrer to Count 1 of the complaint.

Defendant's next contention is that the trial court erroneously refused to let it submit to the jury as a defense to the action Title 14, Section 334(1), Code of Ala-

bama 1940, as Recompiled 1958, which provides, in part, as follows:

"§ 334(1). (1) A peace officer, or a merchant, or a merchant's employee who has probable cause for believing that goods held for sale by the merchant have been unlawfully taken by a person and that he can recover them by taking the person into custody, may, for the purpose of attempting to effect such recovery, take the person into custody and detain him in a reasonable manner for a reasonable length of time. Such taking into custody and detention by a peace officer, merchant, or merchant's employee shall not render such police officer, merchant, or merchant's employee criminally or civilly liable for false arrest, false imprisonment, or unlawful detention."

 Defendant argues that the statute by its very terms is a valid defense to the false imprisonment count.

However, there were two counts in the complaint, one of which was the assault and battery count, and there was sufficient evidence to submit that count to the jury. The jury returned a general verdict. We do not know whether the jury found for plaintiff on the assault and battery count or the false imprisonment count or on both counts.

The question then arises as to whether or not the statute, i. e., Title 14, Section 334(1), *supra*, would have been a defense to the assault and battery count as well as to the false imprisonment count. The answer is no. By its very terms the merchant, or in this instance the defendant, would be protected only against false arrest, false imprisonment, or unlawful detention. the maxim *expressio unius est exclusio alterius* is a longstanding rule of statutory construction, and its application here precludes the use of the statute as a defense to the assault and battery count.

Any error, therefore, that the trial court may have committed in denying to defendant the use of Title 14, Section 334(1), supra, as a defense to the false im-

prisonment count is error without injury for the reason that where there is at least one good count supported by the evidence to which a general verdict can be tied, the verdict is good. Champion v. Gaines, 48 Ala.App. 484, 266 So.2d 150.

No reversible error having been argued, this case is affirmed.

Affirmed.

WRIGHT, P. J., and HOLMES, J., concur.