330 So.2d 417

Owen Benson SPARKS

v.

Kelly Kirk MILLIGAN.

SC 1192.

Supreme Court of Alabama.

April 2, 1976.

See also 51 Ala.App. 444, 286 So.2d 849.

Tompkins & Tompkins, Tuscumbia, for appellant.

O'Bannon & Gonce, and Walker & Musgrove, Florence, for appellee.

ALMON, Justice.

This appeal involves one of two cases which arose from an automobile-truck collision which occurred on a public road in Colbert County. The cases were consolidated for trial.

The first case was styled Alabama Farm Bureau Mutual Casualty Insurance Company and *Annie Sparks as Executrix of the estate of Elmore P. Sparks, deceased, v. Kelly Kirk Milligan and Kal Milligan Readymix Concrete Company, d/b/a Milligan Readymix Concrete Company.* The complaint in that case claimed $1,500.00 in property damage against Kelly Kirk Milligan and Milligan Readymix Concrete Company, based on the alleged negligence of Kelly Kirk Milligan in the operation of a concrete truck. This case was revived in the name of Annie Sparks, as Executrix of the estate of Elmore P. Sparks, deceased, who died from causes unrelated to the automobile accident.

The other case was brought by appellee, Kelly Kirk Milligan and United States Fidelity and Guaranty Insurance Company, against appellant, Owen Benson Sparks. The complaint as amended contained a negligence and wanton count. Appellant interposed pleas of the general issue to both counts and a plea of contributory negligence to the negligence count.

In the first case the jury found for defendants Kelly Kirk Milligan et al. In the second, the jury found for plaintiffs-appellees Kelly Kirk Milligan et al. in the amount of $25,000.00. It is the judgment in the second case from which this appeal is taken.

The appellant, Owen Benson Sparks, was sixty-eight years old. He had no sight in his left eye and wore glasses for his right eye. Having lived in the neighborhood since 1915, he was familiar with the road where the collision occurred.

Appellant was driving a 1971 Ford automobile. His brother, Elmore P. Sparks, since deceased, owned the automobile and was riding on the right front seat.

Appellant testified that he was driving north on Allsboro Road at approximately 45 miles per hour. As he came over a hill, he saw an object in the highway about 70 yards ahead but could not distinguish what it was.

Appellee testified that on the day of the accident he had delivered a load of concrete to the John S. Harris residence. He then drove back onto the Allsboro Road and drove the concrete truck in a northerly direction for approximately 90 feet before

pulling over to the right side of the road to rinse the wet concrete from the trough on the back of the truck.

Though in dispute, the evidence indicates that at least the left half of the truck remained on the paved portion of the highway.

Appellee was standing at the rear of the truck at the moment appellant was approaching. Appellant's automobile struck appellee first and then collided with the rear of the truck. Appellant testified that he did not know what he hit until after the accident. He further testified that he did not see appellee until after the accident.

A licensed civil engineer testified on behalf of appellee, using a projection of the middle of the carport of the Harris residence as a base line, that fifty per cent of an object 11′ 1″ high (the height of the truck) 90 feet north of the base line could be seen 776 feet south of the base line. Essentially, all of an object 11′ 1″ high could be seen 500 feet south of the base line.

Following the accident, the investigating state trooper took appellant to the rear of the automobile he had been operating. Appellant could not read the numbers on the tag until he was 48 feet from the rear of the automobile.

■ Appellant argues that it was error for the trial court to allow the wanton count to be submitted to the jury.

This court defined wantonness in *Griffin Lumber Co. v. Harper*, 247 Ala. 616, 618, 25 So.2d 505, 506 (1946), as follows:

"Wantonness is the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty injury will likely or probably result."

In *Jackson v. Cook*, 275 Ala. 151, 155, 153 So.2d 229, 232 (1963), this court stated that

"[i]n considering the question of the sufficiency of the evidence of wantonness to be submitted to the jury, this court must accept the adduced evidence most favorable to the plaintiff as true, and indulge such reasonable inferences as the jury was free to draw from the evidence."

Part of the evidence presented at trial was as follows:

1. Appellant was sixty-eight years old at the time of the trial.

2. Appellant was familiar with the road where the accident occurred, having lived in the vicinity since 1915.

3. Appellant had, on numerous occasions seen slow moving or stopped traffic on the road.

4. Appellant was blind in his left eye and required glasses for his right eye.

5. The accident occurred during the daytime on a clear day.

6. The concrete truck was 7′ 11″ in width and 11′ 1″ in height.

7. A civil engineer testified that one-half of the truck could have been seen by appellant when his automobile was 776 feet from the truck and that the entire truck could have been seen when appellant's automobile was 500 feet from the truck.

8. Appellant testified that he was not sure whether he slowed down or attempted to avoid the truck.

9. There was room for the automobile to go around the truck on the paved portion of the highway.

We are not persuaded that the wanton count was unsupported by the evidence.

Appellant next argues that the trial court erred in reading to the jury, as part of the oral charge, the last part of Tit. 36, § 25(a), Code of Alabama 1940, Recompiled 1958. Appellant submits that the court erred again in re-reading § 25(a) when the jury asked for additional instructions.

Tit. 36, § 25(a) provides that:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended, or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred feet in each direction upon such highway."

The second part of the statute (which begins after the semicolon) is considered a proviso. *Campbell v. Jackson*, 257 Ala. 618, 623, 60 So.2d 252, 256 (1952). "The proviso is operative only where it is impracticable to park or stop off the main traveled portion of the highway, and in nowise strikes out the requirement that the vehicle be left off the improved portion, if practicable." *Campbell v. Jackson*, supra.

■ Appellant argues that only the first part of § 25(a) should have been given to the jury because under appellant's construction of the evidence it was practicable for appellee Milligan to have left the concrete truck entirely off the paved portion of the highway.

We consider this argument somewhat hyper-technical. Clearly, the subject of the statute in toto deals with leaving vehicles on highways.

State Trooper Mitchell testified that the highway was approximately 22 feet wide. Thus, there is some question as to whether there remained 15 feet opposite the standing truck. If the jury had concluded that less than 15 feet remained, then certainly that fact would have tended to show negligence on the part of appellee and could have been favorable to appellant on his plea of contributory negligence. The trial judge may have very well had this in mind when he charged the entirety of § 25(a).

■ This argument of appellant dealing with the issue of contributory negligence of appellee must be predicated on the supposition that the jury made its award of damages on the theory of negligence rather than wantonness. We are not permitted to engage in this supposition. The jury returned a general verdict without reference to either count. With the record in this posture the verdict will be referred to either of the counts that are supported by the evidence. *Thrasher v. Darnell*, 275 Ala. 570, 156 So.2d 922; *Super X Drugs of Alabama, Inc. v. Martz*, 51 Ala.App. 370, 286 So.2d 47; *Champion v. Gaines*, 48 Ala.App. 484, 266 So.2d 150; *Brush v. Rountree*, 249 Ala. 567, 32 So.2d 246.

Moreover, the jury could have concluded that appellant's negligence was the sole proximate cause of the injury. *Liles v. Chafin*, 35 Ala.App. 472, 48 So.2d 75.

The judgment is due to be and is hereby affirmed.

AFFIRMED.

BLOODWORTH, MADDOX, FAULKNER and EMBRY, JJ., concur.