I respectfully dissent from the holding of the majority to reinstate the jury verdict. The trial judge ordered a remittitur on the basis that the jury verdict as to punitive damages was contrary to the great weight of the evidence.
Our standard of review in an appeal of an order granting a new trial is abuse of discretion. See, Allen v. Harper,277 Ala. 691, 174 So.2d 331 (1965); Camp v. Atlantic Coast Line R.,251 Ala. 184, 36 So.2d 331 (1948); Birmingham News Co. v.Lester, 222 Ala. 503, 133 So. 270 (1931). A trial court abuses its discretion in granting a new trial when the great weight of the *Page 815 
evidence plainly and palpably supports the jury verdict. See,Robertson Banking Co. v. Ebersole, 331 So.2d 278 (Ala. 1976);Morgan County v. Hart, 260 Ala. 418, 71 So.2d 278 (1954);Merkle v. Armstrong, 342 So.2d 788 (Ala.Civ.App. 1976). Where the trial court entertains a definite, well-considered opinion that the jury's verdict failed to do justice between the parties, it is its duty to grant a new trial, even where the evidence is conflicting. Cox v. Martin, 250 Ala. 401,34 So.2d 463 (1947); Schaeffer v. Walker, 241 Ala. 530, 3 So.2d 405
(1941); Williams v. Birmingham Water Works Co., 230 Ala. 438,162 So. 95 (1935). When a court grants such a motion, the presumption on appeal is that it was properly granted, HubbardBrothers Construction Co. v. C.F. Halstead Contractor, Inc.,294 Ala. 688, 321 So.2d 169 (1975), and on appeal, the record must be construed against the appellant. Parker v. McGaha,291 Ala. 339, 280 So.2d 769 (1973). I do not feel that, indulging all the presumptions favoring the trial court's holding, and construing the record against the appellant, the conflicting evidence presented at trial so clearly and palpably supports the jury verdict that in granting a new trial the trial court abused its discretion.
Since both parties agree that the evidence as to the intentional nature of the conduct of the defendant is conflicting, the trial court's holding that the great weight of the evidence fails to support a finding of gross, malicious and oppressive fraud should not, in my opinion, be disturbed. If there was no intentional fraud on the part of the defendant, and thus no gross, malicious or oppressive fraud, plaintiff is entitled only to damages actually proved, and not to punitive damages. See, Winn-Dixie Montgomery, Inc. v. Henderson,353 So.2d 1380 (Ala. 1977); International Resorts, Inc. v. Lambert,350 So.2d 391 (Ala. 1977). In view of the trial court's finding that there was no gross, malicious or oppressive fraud, it was entitled to remit all damages over those actually proved, and when remittitur was refused, to grant a new trial. See, Fieldsv. Parker, 361 So.2d 356 (Ala. 1978).
MADDOX, J., concurs.