*172 ON REHEARING
BRADLEY, Judge.
In response to the affirmance by this court of the trial court’s judgment awarding an attorney’s fee to the mother as ordered by the supreme court, the Hand-leys argue that this court has not responded to their contention, made in their brief on original submission to this court, that the trial court erred in permitting the mother to file a counterclaim on the day of trial, asking for an attorney’s fee.
First, we would note that the Handleys failed to cite any authority for their contention that the trial court erred in permitting the mother to file her counterclaim for attorney’s fees on the day of trial.
The failure to cite and argue legal authorities in support of issues on appeal has the same effect as if no argument has been made in support of such issues. William Wilson Enterprises, Inc. v. Napier, 395 So.2d 89 (Ala.Civ.App.1981); Blair v. York Engineering Co., 380 So.2d 878 (Ala.Civ.App.1980). Those issues not properly argued are deemed waived. Super X Drugs v. Martz, 51 Ala.App. 370, 286 So.2d 47 (1973).
Even though the issue now raised by the Handleys has not been properly argued in this court, we observe that a counterclaim that matures after the pleading or which is omitted for some reason may, with permission of the trial court, be presented by amendment or supplemental pleading. Brooks v. Peoples National Bank, 414 So.2d 917 (Ala.1982); Rule 13(a), (e), (f), Alabama Rules of Civil Procedure.
The trial court permitted the mother to file her claim for attorney’s fee on the day of trial, and we do not find such action to be an abuse of its discretion.
OPINION EXTENDED.
APPLICATION FOR REHEARING OVERRULED.
WRIGHT, P.J., and HOLMES, J., concur.