Katherine Whisenant and her husband, Herman Whisenant, sued their insurance carrier, Nationwide Mutual Fire Insurance Company (hereinafter "Nationwide"), based on the uninsured motorist provision of their automobile insurance policy, claiming damages arising out of two alleged automobile accidents. Mrs. Whisenant's claim was based on alleged personal injuries sustained in both accidents, and Mr. Whisenant's claim was based on an alleged loss of consortium resulting from his wife's injuries in both accidents and on personal injuries allegedly sustained in the second accident. The jury returned verdicts in favor of Nationwide on both claims arising out of the first accident; a verdict in favor of Nationwide on Mrs. Whisenant's claim arising out of the second accident; and a general verdict for $2,000 in favor of Mr. Whisenant on his claims arising out of the second accident. The trial court entered a judgment pursuant to the jury verdicts. Mrs. Whisenant filed a motion for new trial, which was denied. She appeals from that portion of the judgment entered for Nationwide on her claim arising out of the second accident.
Only Mrs. Whisenant was involved in the first accident, which occurred on December 13, 1986. Mr. and Mrs. Whisenant were both involved in the second accident, which occurred on March 20, 1988. Mr. Whisenant presented evidence of the personal injuries he sustained in the second accident. Mrs. Whisenant presented evidence of medical problems with her back and neck; however, there was conflicting evidence as to whether Mrs. Whisenant's medical problems resulted from either of the accidents.
The deposition of Mrs. Whisenant's chiropractor, Dr. Roger Lee Ingram, was read into evidence. In his deposition, Dr. Ingram stated that his initial treatment of Mrs. Whisenant began in November 1985. He testified as to Mrs. Whisenant's initial complaints:
 "Q. . . . [W]hen was the first time that you saw Mrs. Whisenant?
"A. November the 5th of '85.
 "Q. And what was her history that she gave you at that time?
 "A. Right lower back pain extending up into the midthoracic and some right upper back pain. It was described as sharp and dull aching. Her statement is that, 'It starts in the shoulder and sometimes into my leg.'
 "Q. Did she relate to you anything about what brought this problem about? Had she been in an accident or something? What did she tell you?
 "A. She said that she had fallen three times. The first time was about two years prior to this date and the third time was about six months prior to this date — each time landing on the right side." *Page 911 
Dr. Ingram treated Mrs. Whisenant on other occasions prior to the accidents and after the accidents. He stated that some of Mrs. Whisenant's treatment after the accidents could have been related to some other problem that was not the result of the accident. Dr. Ingram also stated that the medical records kept by his office indicated that on September 10, 1986, someone from his office spoke with Mr. Whisenant during a routine follow-up on Mrs. Whisenant's condition. The records, which were admitted into evidence under the business records exception to the hearsay rule, indicate that Mr. Whisenant said that Mrs. Whisenant "is having some trouble and needs to be in, but [she] doesn't have time." Mrs. Whisenant argues that the trial court erred in allowing the statement made by Mr. Whisenant to be admitted into evidence.
A judgment will not be reversed on the ground of improper admission of evidence unless, after an examination of all of the evidence, it appears that the error complained of has injuriously affected substantial rights of a party. Rule 61, A.R.Civ.P.; Slay v. McKean Paint Hardware Store, Inc.,55 Ala. App. 487, 317 So.2d 326 (Ala.Civ.App. 1975). Even if the trial court erred in admitting the evidence, it would have been harmless error because there was sufficient evidence to show that Mrs. Whisenant had had "some trouble" prior to the accidents and that Dr. Ingram had treated her prior to the accidents. The evidence would have been cumulative, at most, and merely supports a fact that was clearly shown by other evidence.
Mrs. Whisenant also argues that the verdict is against the great weight of the evidence.
A jury verdict is presumed to be correct, and this presumption is strengthened by the trial court's denial of a motion for new trial. Charter Hosp. of Mobile v. Weinberg,558 So.2d 909 (Ala. 1990). A judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong. Busseyv. John Deere Co., 531 So.2d 860 (Ala. 1988).
Both Mr. and Mrs. Whisenant testified that Mrs. Whisenant had never had trouble with her back prior to the accidents. Sandra Rogers and Louise Mayfield, friends of Mrs. Whisenant, testified that, before the first accident, they never knew of any complaints Mrs. Whisenant had concerning her back. However, Dr. Ingram testified that he had treated Mrs. Whisenant for lower and "some" upper back pain in November 1985.
The record reveals that Mrs. Whisenant was treated by Dr. Michael Lyons, a medical doctor, on July 24, 1989. When Dr. Lyons asked Mrs. Whisenant if she had ever hurt her back before the two accidents, Mrs. Whisenant said no. Based on the information he was given about the accidents, Dr. Lyons related Mrs. Whisenant's problems to the two accidents. Dr. Lyons was unaware of the fact that Mrs. Whisenant had suffered three falls prior to the accidents and that she had been treated for neck soreness and back and shoulder pain prior to the accidents.
Based on the foregoing, we find that there was sufficient evidence to support the jury verdict. We conclude that the judgment was not plainly and palpably wrong. SeeBussey, supra.
Finally, Mrs. Whisenant argues that the verdict for Nationwide on her claim regarding the second accident is inconsistent with the verdict in favor of Mr. Whisenant.
The jury returned a general verdict in favor of Mr. Whisenant on his claims arising out of the second accident, without specifying whether the verdict was on his claim based on personal injuries or was on his loss-of-consortium claim. A verdict for Mr. Whisenant on his loss-of-consortium claim would be inconsistent with the verdict for Nationwide on Mrs. Whisenant's personal injury claim; however, this Court has held that when more than one claim is submitted to a jury and the jury returns a general verdict without reference to a specific claim, the verdict will be referred to any of the claims that are supported by the evidence. Sparks v. Milligan, 295 Ala. 358, 330 So.2d 417 (1976). *Page 912 
The evidence supports Mr. Whisenant's claim based on personal injuries sustained in the second accident. The evidence also supports the verdict against Mrs. Whisenant's claim based on personal injuries; assuming the correctness of that verdict, we must conclude that the jury did not find for Mr. Whisenant on his loss-of-consortium claim. Accordingly, we hold that the verdict can be referred to Mr. Whisenant's claim based on personal injuries and, therefore, that the verdicts are not inconsistent.
The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS and INGRAM, JJ., concur.