ROBERTSON, Presiding Judge.
This dispute arises from a contract between Sandra Harris, appellant, and Hinkle Roofing & Sheet Metal, Inc., appellee, for the replacement of a roof and home improvements.
*873 On December 11,1990, the parties entered into a contract, which was modified on March 1, 1991, for the replacement of the roof and extensive repairs to Ms. Harris’s home. Ms. Harris had financed the cost of the repairs through a mortgage with United Companies Lending Corporation, which escrowed the necessary funds.
Problems between the parties began after a storm caused water leakage in the living room and den. Hinkle Roofing agreed to make the necessary repairs, but Ms. Harris would not permit them to do so. The funds in escrow were not released due to the dispute between Ms. Harris and Hinkle Roofing.
United Companies filed an action for inter-pleader and declaratory relief, naming both Ms. Harris and Hinkle Roofing as defendants. Hinkle Roofing cross-claimed against Ms. Harris for the contract price, and Ms. Harris cross-claimed against Hinkle Roofing for diminution in the value of her home and for mental anguish.
At trial United Companies was granted a directed verdict, and the case went to the jury on the cross-claims. The jury returned a verdict in favor of Hinkle Roofing in the amount of $12,500.00 and a verdict in favor of Ms. Harris in the amount of $2,500.00. Ms. Harris’s motion for a new trial was denied. This appeal followed.
The sole issue raised on appeal is whether the trial court erred in denying Ms. Harris’s motion for a new trial based on the inadequacy of damages.
“A jury verdict is presumed to be correct, and this presumption is strengthened by the trial court’s denial of a motion for new trial. A judgment based on a jury verdict will not be reversed unless it is plainly and palpably wrong.” Whisenant v. Nationwide Mutual Fire Insurance Co., 577 So.2d 909, 911 (Ala.1991) (citation omitted).
The trial court’s order denying Ms. Harris’s motion for a new trial correctly reflected that at trial there was conflicting testimony presented with respect to the defective conditions existing in Ms. Harris’s home; the labor and materials provided by Hinkle Roofing in connection with the repairs and remodeling; the work remaining to be done; and the damages resulting to Ms. Harris.
The grant or denial of a motion for new trial is a decision committed to the sound discretion of the trial court, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon, 565 So.2d 119 (Ala.1990). After examining the record, we hold that there was sufficient evidence to support the jury’s verdict and that the denial of the motion for a new trial was not an abuse of the trial court’s discretion.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.