I concur in the main opinion as it relates to the affirmance of the trial court's order granting a new trial to Terry. I concur in the result reached by the main opinion in affirming the trial court's order granting a new trial to Tara. As to the main opinion's conclusion that this court must reverse the trial court's decision to grant a new trial to Courtney, however, I respectfully dissent.
As this court has stated:
 "We initially note that jury verdicts are presumed to be correct and should not be reversed unless plainly and palpably wrong. Whisenant v. Nationwide Mutual Fire Ins. Co., 577 So.2d 909 (Ala. 1991). Whether a trial court grants or denies a motion for a new trial is a decision committed to its sound discretion, and this court will not reverse on appeal absent a showing of an abuse of that discretion. Franklin v. Cannon, 565 So.2d 119 (Ala. 1990). It is the duty of the trial court to grant a new trial for inadequate damages where, after making allowances, the verdict is clearly unjust. Stinson v. Acme Propane Gas Co., 391 So.2d 659 (Ala. 1980)."
McCullough Appliance, Inc. v. Suit, 628 So.2d 779, 780
(Ala.Civ.App. 1993). I take note of the uncontroverted evidence in the record regarding the severity of the collision between the automobiles, the uncontroverted emergency-room diagnosis (contrary to the statement in the main opinion that Courtney was told she had suffered no significant injury) that Courtney suffered a concussion and a neck sprain as a result of the collision, and the fact that Courtney was prescribed Darvocet by the emergency-room physician and was instructed by that physician not to return to work for 72 hours (Courtney testified, in fact, that due to her pain and the effects of her medication, she remained out of work for more than 72 hours, resulting in lost wages). On the record before us, I cannot conclude that the trial court abused its discretion in granting a new trial as to Courtney.
 CRAWLEY, P.J., concurs. *Page 1060