Gerald Bussey, a John Deere agricultural equipment dealer in Talladega, sued the John Deere Company for breach of a sales contract and breach of their dealership contract. A judgment based upon a jury verdict awarded Bussey $28,000 on his claim for breach of the sales contract; summary judgment was entered in favor of John Deere on the claim for breach of the dealership contract.
Bussey alleged that in March 1979 John Deere failed to assume the financing of a sales contract to an Oklahoma customer after a John Deere representative orally assured Bussey that the company would do so. Bussey testified that, relying upon John Deere's assurances, he sold three tractors to the customer and submitted the contract and the customer's promissory note to John Deere, but that John Deere refused to finance the transaction. John Deere's financial services manager testified that Bussey was told that final approval of the transaction depended upon approval of the customer's financial statement. John Deere received the executed contract and financial statement on March 13, 1979, and the contract was rejected that day. The customer subsequently defaulted.
Bussey also alleged that in October 1975 John Deere's division sales manager assured him through a series of letters that if he constructed a new building to house his dealership, John Deere would provide him with greater inventory for "however long it took to pay for the building," and that when he moved into the new building in 1977 John Deere failed to provide the greater inventory. John Deere countered with the defense that its dealership agreement, which could be altered or amended only by written agreement, provided that it would not be "responsible for delay or failure to ship caused by unavailability of Goods."
The issues prescribed for review are, first, whether the trial court erred in denying Bussey's motion for new trial on his claim for breach of the sales contract; second, whether the trial court erred in granting John Deere's motion for summary judgment on Bussey's claim for breach of the dealership agreement; and, third, whether the trial court erred in failing to either direct a verdict for John Deere or grant John Deere's motion for judgment notwithstanding the verdict on Bussey's claim for breach of the sales contract.
 A
Jury verdicts are presumed correct in Alabama, and this presumption is strengthened by the trial court's denial of a motion for new trial. Therefore, a judgment based on a jury verdict will not be reversed unless it is "plainly and palpably" wrong. Ashbee v. Brock, 510 So.2d 214 (Ala. 1987). See, also, Jawad v. Granade, 497 So.2d 471 (Ala. 1986).
In his motion for new trial, Bussey stated that improper communication between the court bailiff and members of the jury influenced the jury's verdict, and that the amount of the verdict was inadequate and inconsistent with evidence presented at trial. The trial court heard testimony on the motion and made the following findings:
 "2. The Court finds that the verdict of the jury on the remaining counts submitted to the jury were not contrary to the law or the evidence.
 "4. The Court finds no indication of coercion on any members of the jury.
 "5. The Court finds that the verdict is not insufficient under the facts and law *Page 862 
in the case or contrary to the facts and law in the case.
 "7. The Court finds that the verdict is adequate under the facts and law in the case.
 "8. The Court finds as a . . . of fact that there was no communication between the Court Bailiff and any member of the jury at any point during deliberations that could have been construed by a juror to mean that the jury had to return a verdict one way or the other and could not leave the jury room until they did so, as opposed to a report of a hung jury by the jury foreman.
 "9. The Court finds as a . . . fact that during the course of the deliberations of the jury no improper or unauthorized communications took place between the Court Bailiff and one or more members of the jury.
 "10. The Court finds that there was no evidence presented at the post-trial motion hearing indicating that during the course of the deliberation of the jury any communications occurred between the Court and one or more members of the jury in any fashion."
Upon review of the order of the trial court specifying its reasons for denying the motion for new trial, we find it clear from the record that the jury verdict is supported by the evidence. Bussey has failed to overcome the presumption of correctness attached to the jury verdict and has failed to present plain and palpable evidence that the trial court erred in ruling on his motion for new trial.
 B
In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before the court made out a genuine issue of material fact. Chiniche v. Smith,374 So.2d 872 (Ala. 1979). In other words, we test the "sufficiency" of the evidence "to determine if any real [factual] issue exists." Garrigan v. Hinton Beef ProvisionCo., 425 So.2d 1091, 1093 (Ala. 1983).
The trial court entered summary judgment for John Deere on Bussey's claim that John Deere breached its dealership contract with Bussey:
 "Clearly, the oral contract as alleged by the plaintiff varies, alters, and contradicts the terms of the written contracts between the parties in existence at the time of the oral contract and entered into subsequent thereto.
 "In Colafrancesco v. Crown Pontiac-GMC, Inc., 485 So.2d 1131 (Ala. 1986), the Court stated:
 "`It is fundamental that the parol evidence rule prohibits the contradiction of a written agreement by evidence of a prior oral agreement. The rule provides, generally, that when the parties reduce a contract to writing intended to be a complete contract regarding the subject covered by the contract, no extrinsic evidence of prior or contemporaneous agreements will be admissible to change, alter or contradict such writing. Hartford Fire Insurance Company v. Shapiro, 270 Ala. 149, 117 So.2d 348 (1960).'
 "The language contained in the Colafrancesco v. Crown Pontiac-GMC, Inc., case and numerous cases reflected in Alabama Digest, Evidence, [Key Number] 384, applies equally to the case before the court. The plaintiff in this case has failed to present evidence of fraud in the procurement of the signature or evidence that the defendants in any way concealed the contents of the written contracts. Thus, the parol evidence rule applies to bar any evidence which would contradict the terms of the written contract. Furthermore, the contract contains a merger clause similar to the one contained in the Colafrancesco
case.
 "Merger clauses, like the one in the case sub judice have been given effect in Alabama for years. In Stallings v. Savage, 206 Ala. 486, 97 [90] So. 904 (1921), the Court held that parol evidence was properly excluded in an action for breach of contract in the sale of an automobile when the contract contained a clause which provided: `This constitutes the entire purchase agreement.' See, also, *Page 863 Shepherd Realty Co. v. Winn-Dixie Montgomery, Inc., 418 So.2d 871 (Ala. 1982).
". . .
 "Code 1975, § 8-9-2, provides in pertinent part as follows:
 "`In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 "`(1) Every agreement, which, by its terms, is not to be performed within one year from the making thereof.'
 "Also, Code 1975, § 7-2-201, provides in pertinent part as follows:
 "`(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500.00 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker.'
 "The letters cited in Exhibits 20, 21, and 22 are not sufficient memorandums under the two Code sections provided. First, by the provisions of the written contracts, A.C. Osborne had no authority to amend the written contracts even in writing, since he was not an officer of the company.
 "However, even were this not the case, the memorandums are not sufficient to take the alleged oral contract out of the statute of frauds. In order to take an otherwise valid oral contract out of the operation of the statute of frauds referenced herein, the memorandums must state all essential elements over the signature of the party to be charged, including, but not limited to, the element of consideration. Bunch v. Garner, 208 Ala. 271, 94 So. 114 (1922), and Voy [Foy] v. Voy, [Foy] 484 So.2d 439
(Ala. 1986). The letters provide no consideration for the agreement, make no reference to anything that John Deere agreed to do or refrained from doing in return for the building of the building other than continuing to enter into the written contracts and do not reflect any of the usual elements of an agreement. Having failed to provide the essential elements of the agreement or to recite the consideration flowing from one side to the other, the letters cannot form the basis of memorandums sufficient to take the alleged oral contract out of the statute of frauds.
". . .
 "It is therefore ordered, adjudged, considered and decreed that judgment is entered in favor of all defendants against plaintiffs under Count One of the original complaint of the plaintiff."
We find no error in the trial court's findings of fact and its application of the law to the facts. Bussey failed to present any issue of material fact as to John Deere's alleged breach of contract, and, therefore, John Deere was entitled to a judgment as a matter of law. Rule 56, A.R.Civ.P.
 C
The standard of review applicable to a motion for directed verdict or judgment notwithstanding the verdict is identical to the standard used by the trial court in granting or denying the motions initially. Turner v. Peoples Bank of Pell City,378 So.2d 706 (Ala. 1979). Thus, when reviewing the trial court's ruling on either motion, we determine whether there was sufficient evidence to produce a conflict warranting jury consideration. Baker v. Chastain, 389 So.2d 932 (Ala. 1980). And, like the trial court, we must view any evidence most favorably to the non-movant. Ritch v. Waldrop, 428 So.2d 1
(Ala. 1982).
John Deere asserts that the trial court erred in not granting it either a directed verdict at the close of the plaintiff's evidence or a JNOV, on grounds that Bussey failed to prove that John Deere's actions on the sales contract resulted in damage to him, an essential element of a cause of action for breach of contract. We find, upon examining the facts set out above, *Page 864 
that there was sufficient evidence before the trial court to produce a conflict as to whether the eventual default of the Oklahoma customer damaged Bussey, and we hold, therefore, that the trial court did not err in denying John Deere's motions for directed verdict and JNOV.
The judgments are due to be affirmed.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.