ADAMS, Justice.
Davis-Hunt Cotton Company appeals from a judgment awarding Bank Independent $12,772.03 on its claim alleging that Davis-Hunt received the proceeds of crops in which Bank Independent held a perfected security interest, refused to pay the indebtedness secured by the crops, and violated the bank’s rights as a secured creditor.
Berryman Farms, Inc., by Elbert Berry-man as its president, executed a security agreement to Bank Independent granting the bank a security interest in crops (cotton) grown by Berryman Farms, to secure a pre-existing indebtedness. The bank filed a financing statement in the Probate Court of Franklin County on August 24, 1985, and in the Secretary of State’s office. During the fall of 1985, Berryman Farms sold warehouse receipts representing the collateral to Davis-Hunt; Berryman Farms failed to pay the bank in full from the proceeds of the sale, and Davis-Hunt refused the bank’s demand for it to pay the remaining debt. The issue for review is whether the security agreement and financing statement gave the bank a valid perfected security interest in the cotton grown by Berryman Farms and purchased by Davis-Hunt.
The security agreement described the collateral as: “All farm supplies, farm products, crops, timber to be cut, and all natural increases thereof now or at any time hereafter located or growing on ASCS Farm No. S-2 in Franklin County, Alabama, and all such crops after they have been harvested.” A security interest in crops is perfected by filing a financing statement that includes the following information:
“A financing statement covering timber to be cut or covering crops growing or to be grown, or a financing statement filed as a fixture filing (section 7-9-313) where the debtor is not a utility, must show that it covers this type of collateral, must show that it is to be cross-indexed in the real estate mortgage records and must contain a description of the real estate. If the debtor does not have an interest of record in the real estate, the financing statement must also show the name of a record owner.’’
Ala.Code 1975, § 7-9-402(5). (Emphasis added.) Further, a security interest is not enforceable against the debtor with respect to the collateral and does not attach unless
“The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown or timber to be cut, a description of the land concerned_”
Ala.Code 1975, § 7-9-203(l)(a). (Emphasis added.) Thus, in the case of crops, the description of the real estate is required in order to create a security interest; and, for perfection, both the name of the record owner and the description of the real estate is required.
In sum, Davis-Hunt maintains that the bank’s financing statement is inadequate to perfect the bank’s security interest in the collateral because it fails to show that it is to be cross-indexed in real estate mortgage records; because it fails to show the name of the record owner of the real estate on which the crops are grown; and because it fails to definitely describe the real estate on which the crops are grown. The bank concedes that its financing statement contains minor errors, but maintains that they are not misleading, and it argues that the statement substantially complies with the requirements of § 7-9-402(5).
A financing statement covering crops growing or to be grown must show that it is to be cross-indexed in the real estate *7 mortgage records where the debtor is located and must show the name of the record owner of the real estate (if not the debtor), to aid the credit searcher by warning of potential liens on the crops by a landlord or mortgagee. In such cases, crop lenders will be obliged to obtain subordination agreements from prior mortgagees and landlords in order to be assured of priority under Ala.Code 1975, § 7-9-312(5) (if a crop lender fails to make a search and inquiry, he cannot claim protection as a bona fide purchaser; see, generally, First Nat. Bank of Guntersville v. Bain, 237 Ala. 580, 188 So. 64 (1939)).
The bank’s failure to show on the financing statement the name of the record owner of the real estate and that it was to be cross-indexed in the real estate mortgage records is fatal to perfection of its security interest. Omission of this information is more than a “minor error.” If a secured creditor fails to perfect his security interest, his interest will normally be subordinate to a subsequent buyer’s interest. Ala.Code 1975, § 7-9-301(l)(c), provides that a buyer of farm products in the ordinary course of business has priority over unperfected security interests if the buyer gives value and receives the collateral without knowledge of the security interest. The bank has failed to show that Davis-Hunt received the warehouse receipts representing Berryman Farms’ cotton crop with knowledge of the bank’s unperfected security interest. Consequently, Davis-Hunt cut off the bank’s unperfected security interest when it purchased the warehouse receipts for value; the trial court’s judgment in favor of the bank is due to be reversed and a judgment rendered for Davis-Hunt. We do not reach the issue of the sufficiency of the description of the real estate.
REVERSED AND JUDGMENT RENDERED.
HORNSBY, C.J., MADDOX, ALMON and STEAGALL, JJ., concur.