RICHARD L. HOLMES, Retired Appellate Judge.
John Souza sued William Jackson for assault and battery. The jury returned a verdict in favor of Souza and assessed his damages at $18,000. A judgment for the amount of the jury’s verdict was entered by the trial court.
Jackson appeals, contending, in effect, that the jury’s award is excessive. This case is before this court pursuant to Ala.Code 1975, § 12-2-7(6). We affirm.
When we view the record with the attendant presumptions accorded the jury verdict, the following pertinent facts are revealed:
On Thanksgiving Day in 1991, Souza was jogging near his neighborhood in the Autumn Ridge subdivision. Jackson, a real estate agent, stopped Souza and began to “rant and rave” about a lost commission which Jackson attributed to the interference of Souza and his wife. Souza attempted to leave, but Jackson grabbed both of Souza’s forearms. Souza struggled to free himself. When Jackson released Souza, he struck Souza in the face with his fists, knocking Souza to the ground. Souza found it necessary to seek medical treatment for his injuries.
The above incident apparently occurred without any provocation on Souza’s part. It appears that the only explanation was that Souza had informed one of Jackson’s potential clients that a bypass might come near the Autumn Ridge subdivision. This was the subdivision where Jackson was attempting to sell the client a house.
We would note that Jackson made a motion for remittitur and a motion for a new trial. Thereafter, the trial court held a hearing and issued a ten-page order on these motions, pursuant to Hammond v. City of Gadsden, 493 So.2d 1374 (Ala.1986). Hammond requires a trial court to indicate on the record the factors considered when granting or denying a motion for new trial in situations where the grounds for such motion pertain to the alleged excessiveness or inadequacy of the jury’s verdict.
It is well settled that jury verdicts are presumed correct. Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). This presumption of correctness is strengthened when the trial court denies a motion for new trial. Bussey, 531 So.2d 860. It is within the sound discretion of the trial court to deny a motion for new trial. Carter v. Henderson, 598 So.2d 1350 (Ala.1992). Our supreme court has held that in situations where the judgment is based on a jury verdict, it will not reverse such a judgment on the grounds that the evidence was insufficient unless the evidence shows that the jury verdict was clearly unjust and obviously wrong. Carter, 598 So.2d 1350. The evidence should be viewed in a light most favorable to the non-moving party. Carter, 598 So.2d 1350.
With these principles in mind, this court will address the issues raised by Jackson on appeal. First, Jackson contends that the jury improperly included attorney fees as a portion of its compensatory damages award. In our review of the record, there was substantial evidence regarding medical expenses, lost wages, pain and suffering, and mental anguish to support the jury’s award *429 of compensatory damages of $3,000. We also note that the trial court in its Hammond order compared the verdict in this case with other jury verdicts in assault and battery cases around the state and determined that it was not excessive.
We note that the only testimony regarding attorney fees was a result of Jackson’s attorney questioning Souza about whether attorney fees were included in his demand for compensatory . damages, and when Souza stated that he did not know, Jackson’s attorney pointed out that he had answered “yes” in his deposition prior to trial. If there was any error on this point, it is “invited error” and cannot serve as a basis for reversal. Osborn v. Johns, 468 So.2d 108 (Ala.1985).
Next, Jackson argues that the jury verdict for compensatory damages resulted from bias, passion, prejudice, corruption, or other improper motives. We note that the trial court stated the following in its Hammond order:
“Having observed the trial, the conduct of counsel, and the actions and reactions of the jurors, this Court expressly finds that as to the past damages portion of the verdict, the jury’s decision-making process was not tainted by bias, passion, prejudice, or any improper motive. In reaching this decision, each of the factors set out in Green Oil Co. v. Hornsby, 539 So.2d 218 (Ala.1989), and Hammond v. City of Gadsden, [493 So.2d 1374 (Ala.1986)], have been considered by this Court.”
(Emphasis added.)
As our supreme court recognized in Hammond, 493 So.2d 1374, the trial judge is in a better position to determine whether a jury verdict is flawed because he has the advantage of observing the trial. The trial court determined that the verdict was not the result of bias, passion, prejudice, or any improper motive, and Jackson does not present any argument which causes this court to disagree with the findings of the trial court in its Hammond order.
Jackson also contends that there was no evidence to support the award of punitive damages. The accounts of the incident by Souza and Jackson clearly differed as to the conduct of the parties. In its Hammond order, the trial court cited Shoals Ford, Inc. v. Clardy, 588 So.2d 879 (Ala.1991), wherein our supreme court recognized that the question of whether a defendant’s conduct rises to the level of willful, wanton, or intentional is for the jury to determine on the issue of punitive damages and that a presumption of correctness attaches on appeal. There was evidence in the record regarding the conduct of the parties, and the jury determined that Jackson’s conduct was willful, wanton, or intentional and awarded punitive damages, and this determination is supported by the evidence.
Finally, Jackson argues that the amount awarded for punitive damages was clearly excessive. The trial court in its Hammond order addressed this issue as follows:
“As to the issue of excessiveness of the punitive damages award, this Court has compared the impact of the jury’s verdict with the severity of the Defendant’s conduct. This includes a consideration of the jury’s decision that the Plaintiff proved by clear and convincing evidence that the Defendant engaged in malicious conduct for which the Defendant should be punished to deter him and others from such conduct in the future. However, this also includes other factors which were unavailable to the jury, but which were properly introduced at the post-verdict hearing. Thus, such factors as the financial worth of the Defendant, the extent to which his conduct is covered by liability insurance and a comparison of the verdict in the case at bar with verdicts in- similar cases have also been considered by this Court.
“Based on the foregoing, and after considering testimony and exhibits at trial and the post-verdict hearing herein, and in light of all of the factors cited in ... this Court concludes that the jury’s punitive damages award is not excessive, and therefore will not be disturbed.”
(Citations omitted.)
Again, Jackson fails to advance any argument on appeal which would cause this court *430 to disagree with the above findings of the trial court.
It is clear to this court that this jury determined that it would not tolerate this type of violent conduct. The jury “punished” Jackson for his outrageous conduct. This the law not only permits, but encourages.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.