MADDOX, Justice.
This appeal involves a legal question never before considered in this State insofar as we can determine: whether a person, who was arrested in a drug task force “sting” operation on the basis of a valid arrest warrant issued by a magistrate for failure to respond to delinquent traffic tickets, has a cause of action against the persons who participated in the “sting” operation, on the ground that the defendants, by arresting her during the drug sting operation, misused and abused their power and thereby caused her harm.
Kathy Johnson filed a complaint against several defendants, including several local governmental entities in Calhoun County, and against several state, city, and county law enforcement agencies and employees who operate in Calhoun County. In her complaint, Johnson alleged numerous state causes of action, including assault and battery, negligence, and false arrest, and she alleged federal causes of action under 42 U.S.C. § 1983. The trial court entered a summary judgment in favor of the defendants, and Johnson appeals. We affirm.
The “Calhoun County Drug Task Force” was the name given to and used by a group of law enforcement officers assigned by various police chiefs from municipalities in Calhoun County, as well as certain investigators from the Calhoun County district attorney’s office and the Calhoun County Sheriffs Department. As part of a concerted effort to make a large group arrest, a plan entitled “Cyclone Campaign” was used. “Cyclone” was organized by Captain Tom Wright, an employee of the Anniston Police Department.
Under the plan, letters were sent to individuals against whom there were outstanding arrest warrants, inviting them to attend a function where prizes would be given away as part of a fabricated promotion for the “Northeast Alabama Economic Development Foundation.” At the time of the operation, the City of Anniston had 1,200 to 1,400 outstanding warrants, and Kathy Johnson’s name showed up on the Anniston Police Department’s computer as a person with an outstanding warrant for her arrest. Hers was one of about 80 to 100 names turned in by the City of Anniston for the operation.
Kathy Johnson attended the “sting” function with her mother, and she was arrested there on a warrant for nonpayment of parking tickets.
Captain Wright testified that on the day before Cyclone, he discovered that Johnson’s warrant was for parking violations. He further testified that he did not want Johnson included in the “sting” and that he considered instructing her not to attend, but he said that, after a discussion with the other members of the drug task force team, he learned that Johnson patronized certain bars in the area whose clientele included persons targeted by the “sting.” Thus, he testified that he did not notify Johnson because of his concern that she might inform the other persons targeted.
On the day of the “sting” operation, Johnson arrived at the Jacksonville Recreation Center with her mother. She signed in and was told to sit in front of the room, and her mother was instructed to sit in the back. After the program began, several officers appeared and arrested all'of the persons who had been invited to Cyclone. Johnson was arrested and was later handcuffed and searched. She was then led into a private room by Officer Thomas, where she was given a summons and was released. Johnson was the only person invited to the “sting” who was not taken to jail.
Johnson filed a complaint naming various Calhoun County officials, and various city officials and law enforcement officers from Anniston, Jacksonville, Weaver, Ohatchee, Piedmont, and Hobson City, as defendants. The city of Piedmont filed a notice of removal to federal Court, but United States District Judge James Hancock remanded the case to the state court, because all of the defendants had not joined in the removal petition.
The trial court entered an order requesting that all parties submit their motions for a single hearing. After that hearing, the trial court entered a summary judgment for all of the defendants, stating, in part:
“[T]he court is of the opinion that the Plaintiff has no viable legal claims against the Defendants, jointly or individually. It is undisputed that the Plaintiff was arrest *204 ed on a valid, outstanding warrant issued by the Municipal Court of the City of Anniston for her repeated violations of the parking ordinances of the City. The Court finds that her detention thereafter was both lawful and reasonable.”
Our scope of review has been stated on many occasions. “In reviewing the disposition of a motion for summary judgment, we utilize the same standard as the trial court in determining whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was “entitled to a judgment as a matter of law.” Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(e) Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989).
Our review is further subject to the caveat that this Court must review the record in a light most favorable to the nonmov-ant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Plaintiff Johnson admits that she received several parking tickets in 1991 and that the City of Anniston had mailed her a “delinquent” notice regarding the tickets. She claimed, however, that after she received the notice she telephoned the court clerk and explained to the clerk that all of the tickets had been paid. Johnson claimed that the clerk told her she would “check into it and get back with her.” Johnson maintains that she never received a response from the court until her arrest, in February 1993. Johnson, in addition, claims that Officer Thomas told her that a mistake had been made and that she was not supposed to be there, and she claims that the defendants, in arresting her under these circumstances, violated her Fourth, Fifth, Sixth, and Fourteenth Amendment rights under the Federal Constitution, citing Arnold v. Board of Education of Escambia County, Alabama, 880 F.2d 305 (11th Cir.1989).
Johnson also claims that the defendants misused and abused their police powers by inviting her to a drug “sting” when they knew she was not wanted for any drug violations, and she contends that she was unlawfully arrested and searched. She contends that her arrest was pretextual.
We first review Johnson’s argument that the summary judgment was not appropriate as to the state law claims. The liability of a municipality for the negligence of its agents, officers, or employees is governed by Ala. Code 1975, § 11-47-190. That section provides, in part:
“No city or town shall be liable for damages for injury done to or wrong suffered by any person or corporation, unless said injury or wrong was done or suffered through the neglect, carelessness or uns-Mllfulness of some agent, officer or employee of the municipality engaged in work therefor and while acting in the line of his or her duty....”
In view of the fact that the plaintiff was arrested pursuant to a valid arrest warrant, we find no evidence that the actions of the municipality or of its officers and agents constituted “neglect, carelessness or unskill-fulness.” See, Gore v. City of Hoover, 559 So.2d 163 (Ala.1990). We, therefore, agree with the trial court that the defendants were entitled to a summary judgment as to Johnson’s state law claims.
Johnson also asserts that she is entitled to relief based on her claims alleging that state officials, acting under color of state law, violated her federal constitutional rights. Johnson, in support of her federal claims, cites two cases that held that a valid warrant was not a bar to an action stating federal law claims. In Walsh v. Franco, 849 F.2d 66 (2d Cir.1988), a warrant for the plaintiff’s arrest was mistakenly issued. The plaintiff was arrested at home and was taken to jail and subjected to a strip search. The warrant was issued for nonpayment of parking tick *205 ets. The United States Court of Appeals held that the existence of a valid arrest warrant did not bar Walsh’s civil rights claims and that the local officials were not entitled to immunity. Johnson, in addition, cites Lessman v. McCormick, 591 F.2d 605 (10th Cir.1979). The plaintiff in Lessman also was arrested on a valid arrest warrant for nonpayment of parking tickets. The trial court dismissed Lessman’s claims, but the Court of Appeals for the Tenth Circuit reversed as to the 42 U.S.C. § 1983 claims, holding that the existence of a valid arrest warrant does not bar an action alleging deprivation of rights protected by the Constitution and other laws of the United States.
We agree that a valid arrest warrant does not bar a 42 U.S.C. § 1983 action. However, the authority cited by Johnson does not apply to the facts in this ease. In Walsh, the court focussed on the fact that the plaintiff was stripped and subjected to a body cavity search, and in Lessman, the court found evidence of a conspiracy between a bankruptcy creditor and court officials. In the present case the undisputed evidence shows that Johnson was arrested, issued a summons, and released, on a valid, outstanding warrant issued by the Municipal Court of the City of Anniston for her repeated violations of the parking ordinances of the City.
Based on our review of the facts before us, and applying the standard of review required by law, we conclude that Johnson failed to present substantial evidence that the defendants violated any of her constitutional rights. Thus, the trial court properly entered the summary judgment for the defendants on her claims.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON, INGRAM, COOK, and BUTTS, JJ., concur.