YATES, Judge.
The trial court entered a summary judgment for the defendant Style Homes, Inc. The plaintiff Loretta McCarthy, individually and as executrix of her mother Charlotte McCarthy’s estate, appealed. Her appeal was transferred to this court by the Supreme Court, pursuant to § 12-2-7(6), Ala.Code 1975.
Charlotte McCarthy and her daughter, Loretta, contracted with Style Homes for Style Homes to build a house on five acres of land owned by Charlotte. The written agreement provided that Style Homes would build the house according to a set of blueprints purchased by the MeCarthys from a house plan service and that the contract price for the house would be $85,700. Charlotte deeded the land to Style Homes so that it could acquire the financing necessary to build the house. Upon Style Homes’ completion of the house and the MeCarthys’ payment of the contract price, Style Homes was to convey the parcel back to the MeCarthys. Construction began in September or October 1993.
Approximately two months later, Loretta, because of her mother’s bad health, asked Style Homes to halt the construction of the house. Style Homes agreed to halt construction after it “dried-in” the house (i.e., after construction had reached a point where the unfinished building was sufficiently protected from weather damage). Loretta alleges that in this oral modification to the original agreement, the parties also agreed that she would decide at a later time whether she wanted Style Homes to finish the project. She further alleges that under the modification, the parties agreed that if she decided that she did not want Style Homes to complete the project, she would pay Style Homes for the work that it had performed up to that time.
As part of “drying-in” the house, Style Homes began construction of the roof; however, before it completed the “drying-in”, Loretta complained about a roof rafter that hung below the ceiling line in the breakfast *976 room. After McCarthy and Style Homes discussed the problem and were unable to resolve the disagreements arising from it, McCarthy told Style Homes not to resume construction. Over the next few months, McCarthy and Style Homes were unable to agree upon a price for the work that had been performed. Style Homes resumed construction in early February; on February 7, 1994, the McCarthys sued, alleging breach of contract and breach of warranty of workmanlike performance, and seeking a rescission of the deed. They obtained a restraining order against Style Homes ordering it to cease construction. Style Homes counterclaimed, alleging breach of contract.
The trial court entered a summary judgment in favor of Style Homes on all counts of the McCarthys’ complaint and against the McCarthys on Style Homes’ counterclaim, ordering the McCarthys to pay $68,613.83 to Style Homes. Charlotte McCarthy died on March 10,1995. She had, in her last will and testament, named Loretta as executrix of her estate.
“In reviewing the disposition of a motion for summary judgment, we utilize the same standard as that of the trial court in determining whether the evidence before [it] made out a genuine issue of material fact” and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Style Homes argues that the trial court properly entered the summary judgment on the McCarthys’ breach of warranty and contract claims because, it says, the McCarthys did not present'evidence showing: (1) that there were any material defects in the partial construction of the house; and (2) that the parties had orally amended the construction contract.
In opposition to the motion for summary judgment, the McCarthys presented evidence in the form of affidavits and deposition testimony. In her deposition, Loretta McCarthy stated that the house had numerous defects: (1) that it had broken wood in the windows; (2) that it had an exposed rafter in the breakfast room; (3) that it had an improperly installed air conditioning drain; (4) that it had not been “dried-in”; (5) that the wrong type of exterior doors had been installed; and (6) that a bathroom was too small to allow for a tub. The McCarthys’ expert, an architect, stated in his deposition and in his written report that his inspection of the unfinished house revealed numerous problems: (1) that the original plans called for the roof rafters to be 16 inches “on center,” but Style Homes installed them 24 inches “on center”; (2) that the dimensions of the great room in the original plans called for two-by-eight ceiling joists, but Style Homés used two-by-six joists; (3) that the studs in the master bedroom wall were not properly aligned; (4) that Style Homes improperly installed the metal flashing around the chimney; (5) that Style Homes improperly installed the membrane barrier between the concrete slab and the wall studs; and (6) that Style Homes shingled the roof over the breakfast room in a manner that presents a possibility of water damage to that part of the house. Viewing this evidence in the light most favorable to McCarthy, we cannot say that fair-minded persons in the exercise of impartial judgment would be unable to infer that there were defects in the partial construction of the house and that Style Homes had breached the agreement by deviating from the house plans and specifications.
The McCarthys presented affidavit and deposition testimony to the effect that the parties orally modified their original agreement. *977 For example, in her affidavit, Loretta McCarthy stated, “In late November it was agreed with [Style Homes] that [it] would suspend construction.... It was also agreed that after a period of time, the exact amount of which was not specifically stated, construction would resume probably with the services of [Style Homes].” The record also shows that Style Homes agreed to halt the construction. Viewing the evidence in the light most favorable to McCarthy, we cannot say that fair-minded persons in the exercise of impartial judgment would be unable to infer that McCarthy and Style Homes orally modified their original contract.
Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.