YATES, Judge.
Limestone County, Alabama, appeals from the entry of a summary judgment in favor of Joe Lambert, a resident of Limestone County.
Lambert owns a river cottage in west Limestone County, where he and his wife spend time on weekends. Although the County provides mandatory garbage collection service to the area, Lambert transports the garbage generated at the river cottage to his permanent residence in east Limestone County and disposes of it there. He has refused to pay the garbage collection service charge for the river cottage.
Limestone County sued Lambert, pursuant to the Solid Waste Disposal Act, § 22-27-3, Ala.Code 1975. Section 22-27-3(a)(2) provides in part:
“Every person, household, business, industry, or property generating solid wastes, garbage or ash as defined in this section shall participate in and subscribe to such system of service unless granted a certificate of exception as provided in subsection (g) of this section. Provided, however, any individual, household, business, industry or property generating solid wastes that were sharing service for a period of at least 6 months may continue to share service without filing for a certificate of exception. An additional exception is granted to persons whose sole income is derived from social security benefits. Such persons are exempted from paying any fees required under this act.... ”
Section 22-27-3(g) provides:
“Exception. — A person, household, business, industry or any property owner may store, haul and dispose of his own solid wastes on his land or otherwise, provided such storage, haulage or disposal is accomplished pursuant to a certificate of exception as provided in this subsection. In order to obtain a certificate of exception, an application, an application fee, and plan must be filed with the county health officer or his designee in the case of household solid waste.... ”
Lambert testified that he had attempted to obtain an exemption from the county health department; however, he did not apply for a certificate of exemption or pay an application fee, and he did not file a proposed plan for disposing of his garbage. Lambert receives approximately $20,000 per year in retirement benefits, and his wife is employed by Limestone County. Neither Lambert nor his wife is dependent upon public assistance, nor does either of them draw Social Security benefits.
Both the County and Lambert filed motions for summary judgment. In his motion for summary judgment, Lambert contended, among other things, that he had shared the garbage collection service between his permanent residence and the river cottage for 15 years. The trial court entered a summary judgment in favor of Lambert, based on undisputed evidence that the garbage generated at the river cottage is transported to the permanent residence for collection and that it had been transported in this manner for at least six months before the County adopted the resolution calling for the collection of fees for the garbage collection service in the area where the river cottage is located. The court held, based on those facts, that Lambert is not required to obtain a certificate of exemption and is, therefore, not required to pay the fee for the garbage collection service at the river cottage.
In reviewing the disposition of a motion for summary judgment, we use the same standard as the trial court in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a pri-ma facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is substantial if it is of “such weight and quality that fair-minded persons in the exercise of impartial *620 judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
The trial court held that Lambert was not required to pay the garbage collection fee, because of the shared-service exception. The requirements for shared service under § 22-27-3(a)(2) are found in § 420-3-5-.07(3)(b) of the Alabama State Board of Health Administrative Code, which reads as follows:
“(b) Persons who request to be excluded from participating in a full coverage collection program due to shared service, shall provide documentation to the Local Health Officer that their activity satisfies the following criteria which define shared service, which shall be used in determining if an activity is shared service:
“1. Said person did mutually agree with other person(s) to combine their solid waste for collection, and began such activity at least six months prior to the implementation of the full coverage collection program.
[[Image here]]
“6. The solid waste being combined was generated on properties which are located adjacent to each other, and do not require the transportation of the solid waste either offsite or to other properties other than those located immediately adjacent to the property on which the waste was generated.”
Lambert had no mutual agreement with anyone to combine their garbage waste for collection; he transports his garbage between two pieces of property owned solely by him, which are not adjacent to each other. Clearly, Lambert is not sharing service as contemplated by § 22-27-3(a)(2) and is, thus, not entitled to an exception under that section. We must, therefore, reverse the judgment of the trial court and remand the case for further proceedings.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.