Scott Paper Company appeals from a judgment in favor of James E. Morris. Morris sued Scott Paper to recover workers' compensation benefits for a hearing loss he alleged he had suffered on the job. We reverse and remand.
Morris worked for Scott Paper from 1961 until he retired in 1994. During his 33 years with Scott Paper, Morris worked in various areas of the paper mill, many of which exposed employees to loud noises. In the 1970's, Scott Paper began to require that all employees use hearing protection devices as a part of a hearing conservation program; it began providing ear plugs, and later, earmuffs, to Morris and its other employees. Morris says he used his hearing protection regularly and consistently. In 1986, Morris began working in the control room of a new area of the mill known as the E R complex. He estimated that he spent 80% of his work day inside the control room, where he was not exposed to high levels of noise. Outside the control room, Morris was sometimes exposed to loud noises, at which times, he said, he used his hearing protection. Morris testified that he occasionally forgot to wear his hearing protection for a short time in high-noise areas or took the protection devices off to carry on brief conversations.
Morris first noticed in the late 1970's or early 1980's that he was experiencing difficulty with his hearing, and he obtained his first hearing aid in 1984. Scott Paper tested his hearing on several occasions between 1982 and 1991, and the record reflects that Scott Paper advised Morris about changes in his hearing and reminded him to use hearing protection. It is undisputed that Morris does suffer from a hearing loss.
After he retired in 1994, Morris sued Scott Paper, seeking workers' compensation benefits because, he said, he had sustained a permanent noise-induced occupational hearing loss as the result of the long-term exposure to harmful levels of noise during his career at Scott Paper. Scott Paper argued that Morris's claim was barred by the applicable statute of limitations found in § 25-5-117, Ala. Code 1975, and thus denied that he was entitled to benefits. The trial court concluded that Morris had sustained a permanent hearing loss as a result of his employment with Scott Paper and that his claim was not barred by the statute of limitations.
Scott Paper appeals, arguing that Morris's claim is barred by the statute of limitations. This court recently decided a similar question in Dueitt v. Scott Paper Co., 695 So.2d 40
(Ala.Civ.App. 1996). Dueitt sued Scott Paper after he retired in 1994, seeking workers' compensation benefits based upon a hearing loss allegedly sustained as a result of exposure to high noise levels at Scott Paper. Like Morris, Dueitt had known that he suffered a hearing loss sometime in the 1970's, had worn his hearing protection regularly, and had worked for approximately 7-8 years *Page 187 
before his retirement in a job with far less exposure to high noise levels than he had been exposed to in his earlier years of employment. In Dueitt, we held that in order for an employee "to be exposed to the 'hazards of the disease' in a hearing loss case, the employee must be exposed to occupational noise that is sufficient both in intensity and duration to have the potential to cause damage to the employee's hearing," and we affirmed the trial court's holding that Dueitt's claim for benefits was not brought within two years of his last exposure to hazardous occupational noise. 695 So.2d 40. Likewise, Morris's claim for benefits is barred by the statute of limitations because it was not brought within two years of his last exposure to the "hazards of the disease."
The judgment is due to be, and it is hereby, reversed on the authority of Dueitt, and the cause is remanded to the trial court for entry of a judgment in favor of Scott Paper.
Because we hold that Morris's claim is barred by the statute of limitations, we need not address Scott Paper's argument that it was entitled to set off or reduce Morris's retirement benefits against the award of compensation benefits pursuant to § 25-5-57(c)(1), Ala. Code 1975.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of §12-18-10(e), Ala. Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.