MONROE, Judge.
On November 5, 1996, James Singleterry sued ABC Rail Products Corporation (formerly known as ABEX) seeking payment of workers’ compensation benefits. ABC moved for a summary judgment. The court granted the motion; Singleterry appeals.
Singleterry began working for ABC in 1970. He worked in the melting department from 1970 until he retired in 1995; it is undisputed that he retired because of a heart condition. From the time he started working at ABC, the company provided earplugs to its employees. However, the use of earplugs did not become mandatory until the .mid-1980s. After that time Singleterry wore earplugs every time he was subjected to loud noises at work. ABC conducted hearing tests on its employees every couple of years. Singleterry testified that he first became aware in the 1980s that he had suffered hearing loss; that was when the hearing loss was first reported in the results of one of his hearing tests. A hearing test conducted after he had retired showed that he had sustained a hearing loss of 37% in each ear. ABC’s workers’ compensation insurance carrier paid for Singleterry to have the test and also paid for hearing aids.
In support of its motion for a summary judgment, ABC submitted several affidavits, including the affidavit of Thomas J. Martin, an expert in occupational safety. Martin stated that ABC’s hearing conservation program complied with OSHA regulations on occupational noise exposure. He also stated that the earplugs provided by ABC were state-of-the-art devices that had noise reduction ratings shown to be sufficient to protect against any potentially harmful noise exposure. ABC also submitted the deposition testimony of Dr. Robert J. Sciacca, the physician who treated Singleterry after he retired. Dr. Sciacca testified that, assuming that Sin-gleterry had been wearing earplugs since the mid-1980s, it was highly unlikely that the noise at ABC caused his hearing loss. ABC also submitted copies of Singleterry’s results from his hearing tests, including several that showed hearing loss, and a document signed by Singleterry showing that he had been *1242 educated on hearing and preventing hearing loss.
To enter a summary judgment, the trial court must determine that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala. R. Civ. P.; Bussey v. John Deere Co., 531 So.2d 860 (Ala.1988). Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a properly supported motion for summary judgment, the nonmovant must present substantial evidence creating a genuine issue of material facts; substantial evidence has been defined as “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The applicable statute of limitations provides that claims for compensation for occupational diseases[1] are barred unless they are brought within two years from the date of injury. § 25-5-117, Ala.Code 1975. “Date of injury” is defined as the date of last exposure to the hazards of the disease. § 25-5-117(b). The evidence submitted by ABC shows that the use of earplugs became mandatory in the mid-1980s and that Singleterry consistently used the earplugs after that time. The occupational safety expert’s testimony showed that the earplugs blocked all harmful noise, and the medical expert testimony showed that it was highly unlikely that Singleterry’s hearing loss could have been incurred as the result of occupational noise if he was wearing earplugs. In addition, the evidence showed that Singleterry first became aware of his hearing loss in the mid-1980s.
In Dueitt v. Scott Paper Co., 695 So.2d 40 (Ala.Civ.App.1996), this court held that the employee’s claim for workers’ compensation benefits for hearing loss was barred by the two-year statute of limitations found in § 25-5-117, where the employee had been aware of hearing loss since the mid-1970s and had worn hearing protection devices since the mid-1970s. See also Scott Paper Co. v. Morris, 708 So.2d 185 (Ala.Civ.App.1997) (following Dueitt in holding that the employee’s claims for compensation for hearing loss were time-barred; he had not been exposed to loud noise levels for the last seven or eight years preceding his retirement).
The evidence shows that Singleterry was last exposed to the hazards of the disease, that being loud noise, in the mid-1980s. Thus, his claim is barred by the two-year statute of limitations. § 25-5-117; Dueitt, supra. Therefore, the trial court properly entered the summary judgment.
AFFIRMED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.

. Hearing loss due to noise falls under the definition of "occupational disease.” § 25-5-110, Ala. Code 1975.