YATES, Judge.
Farmers Cooperative of Ashford, Inc., appeals from a summary judgment entered in favor of People’s Community Bank of Ashford (“the bank”). The dispute in this case centers around the priority of security interests given by Russell Jody Harper as collateral for loans relating to farming transactions occurring in 1996.
On January 19, 1996, the bank lent Harper $150,000 for crop production expenses. In consideration for the loan, Harper gave the bank a security interest in collateral described as:
“All crops growing or to be grown by [Harper], including but not limited to 120 acres of peanuts (251,178 quota lbs.), all additional peanuts, 365 acres of cotton, plus any and all other crops that may be grown by [Harper], also includes any UNDER MARKETING of peanuts, also secured by all of the debtor’s farm equipment and for a more particular description see exhibit ‘B’ attached, also secured by the debtor’s Real Estate, and for a more particular description see mortgage recorded in the office of the Probate Judge, Houston Co. AL, Book 1171, Page 095.”
On January 25, 1996, the bank filed in the probate court a financing statement, which described the collateral as:
“All 1996 crops growing or to be grown by [Harper], including but not limited to 120 acres [of] peanuts (251,178 quota lbs.), all additionals, 365 acres of cotton and any and all other crops, also any under marketing, also assignment of any and all crop insurance, and for a more particular description of where the crops are to be grown see exhibit attached.”
The “more particular description” refers to the crops located on farms 1996, 2002, 2014, 2058, 2121, 2139, and 2233 in Hous *818 ton County, Alabama. On February 7, 1996, the bank tiled with the secretary of state a financing statement, likewise referencing farms 1996, 2002, 2014, 2058, 2121, 2139, and 2233.
In May 1996, Harper gave Farmers Coop a security interest in nine of his farms to secure his debt to Farmers Co-op incurred for the purchase of soybean seed and fertilizer and chemicals. On May 29, 1996, Farmers Co-op filed in the probate court a financing statement, which described the collateral as:
“All crops grown by Russell J. Harper on the following farms: # 1451, 1553, & 1586 owned by Paula Lamp & Ben Whit-ton, # 1489 owner Hugh Fellows, # 1838 owner Oris Harper, # 1984 owner E.L. Jerigan, # 2011 owner Eddie B. Wat-ford, # 2036 owner Flouize Harrison, # 2143 owner Basil Crooms.”
On January 13, 1997, Farmers Co-op filed a five-count complaint, alleging conversion, against Harper, the bank, and H & H Insurance Agency. In count two of the complaint, Farmers Co-op alleged that the bank and the insurance company “had wrongfully obtained and received large sums of money from or related to the mortgaged farms” from the sale of peanuts and/or soybeans and from insurance proceeds, which seems should have been paid to Farmers Co-op.
On December 16, 1997, the bank moved for a summary judgment, claiming that Farmers Co-op had no security interest in, and no priority claim to, any crops, or any money received from crops, as to any of the 16 farms owned by Harper. Following a hearing, the trial court, without stating a detailed basis for its ruling, entered a summary judgment in favor of the bank and made that judgment final, pursuant to Rule 54(b) Ala. R. Civ. P. Farmers Co-op appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the mov-ant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Farmers Co-op contends that the trial court erred in entering the summary judgment for the bank because, it says, it had a superior security interest in the crops on at least 9 of the 16 farms owned by Harper.
Section 7-9-203(1), Ala.Code 1975, outlines the prerequisites to the existence of a security interest:
“(1) Subject to the provisions of Section 7-4-210 on the security interest of a collecting bank and Section 7-9-113 on a security interest arising under the article on sales or the article on leases, a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless:
“(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral and in addition, when the security interest covers crops growing or to be grown *819 or timber to be cut, a description of the land concerned; and
“(b) Value has been given; and
“(c) The debtor has rights in the collateral.”
When all of these elements exist, the security agreement becomes enforceable between the parties. However, when dealing with crops, the description of the real estate is also required in order to create a security interest. Davis-Hunt Cotton Co. v. Bank Independent, 541 So.2d 5, 6 (Ala.1989). For perfection, both the name of the record owner and the description of the real estate is required. Id.; see also § 7-9-102(5), Ala.Code 1975.
The limited record before us gives no indication that the bank had any interest in the nine farms used as collateral for the debt owed by Harper to Farmers Coop. The exhibit attached to the bank’s financing statement providing a “more particular description of the collateral” listed only seven farms: 1996, 2002, 2014, 2058, 2121, 2139, 2233, with quota pounds equivalent to those described in both the bank’s financing statement and the loan agreement with Harper. The nine farms listed in the financing statement filed by Farmers Co-op, 1451, 1553, 1586, 1489, 1838, 1984, 2011, 2036 and 2143, are clearly different from those listed by the bank. We conclude that there are genuine issues of material fact as to the priority of the security interests in 9 of the 16 farms; these issues preclude the entry of a summary judgment. The summary judgment is reversed and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.