PITTMAN, Judge,
dissenting.
I conclude that the employee’s workers’ compensation claim is barred by the two-year statute of limitations provided by § 25 — 5—117(b), Ala.Code 1975. For occupational diseases, such as hearing loss, the limitations period begins on “the date of the last exposure to the hazards of the disease.” I agree with the employer that the employee was last exposed to harmful noise levels several years before he filed his claim.
This court has held that in order for an employee to be exposed to the hazards of harmful noise, the “occupational noise [must be] sufficient both in intensity and duration to have the potential to cause damage to the employee’s hearing.” Dueitt v. Scott Paper Co., 695 So.2d 40, 44 (Ala.Civ.App.1996). See also Scott Paper Co. v. Morris, 708 So.2d 185, 187 (Ala.Civ.App.1997). This court also addressed a workers’ compensation claim for hearing loss in Singleterry v. ABC Rail Products Corp., 716 So.2d 1241 (Ala.Civ.App.1998). The Singleterry court affirmed the trial court’s summary judgment for the employer because the evidence indicated that the employee began wearing earplugs several years before he filed his claim, and an occupational safety expert witness testified that the earplugs made it unlikely that the employee was exposed to harmful noise.
The evidence in this case is akin to that presented in Singleterry. The employee, a coal miner, was exposed to loud noises in the mine, such as machinery and explosions. The evidence indicates that the employee began wearing earplugs, at the latest, beginning in 1989 or 1990, which is several years before he filed his claim based upon hearing loss. The employee testified that at times he briefly removed his earplugs for work-related discussions with his coworkers. Dr. John Simmons diagnosed the employee with hearing loss in 1992, several years before the employee filed his claim, and again in 1998, after the employee filed his claim. Dr. Simmons testified that the earplugs worn by the *532 employee should have eliminated the harmful effects of the noise.
The employee argues that his exposure to the harmful noise continued past the time he began wearing earplugs because he would have to briefly remove the earplugs for work-related discussions with his coworkers. In Scott Paper Co. v. Morris, 708 So.2d at 186, the employee also removed his earplugs for brief periods for work-related conversations, which exposed him for those brief periods to harmful noise levels. This court reversed the trial court’s judgment finding that the worker timely filed his claim for hearing loss and cited the holding of Dueitt that the exposure to the harmful noise must be “sufficient both in intensity and duration.” 708 So.2d at 187.
I conclude that the employee in this case did not timely file his claim for hearing loss because just like the employee in Scott Paper Co. v. Morris, the employee in this case removed the earplugs only for brief periods. As stated in Dueitt and subsequently applied in Scott Paper v. Morris, that type of exposure to harmful noise was not “sufficient both in intensity and duration” to toll the statute of limitations. I would hold that the employee’s claim for hearing loss is barred by the statute of limitations.
Because I conclude that the hearing-loss claim is time-barred, I would reverse the trial court’s finding of permanent total disability and remand the cause for the trial court to base its disability rating solely on the employee’s back injury. Therefore, I dissent from Presiding Judge Yates’s opinion affirming the trial court’s judgment.