The plaintiff, Jacqueline V. Lacy, appeals from a summary judgment in favor of the defendant, Mini Warehouse World ("Warehouse"), in this action alleging negligence and conversion. Because the trial court erred in entering the summary judgment, we reverse and remand.
In May 1998, Lacy entered into an agreement with Warehouse for the lease of a personal storage unit. Lacy's address was listed in the agreement as "648 Gehrig St., Eight Mile, AL, 36610." The agreement stated that rental payments were due on the first day of every month. Moreover, the agreement also specified that if Lacy failed to make a monthly rental payment and if the amount due remained outstanding for over one month, Warehouse could sell the contents of the storage unit and apply the proceeds from the sale to the outstanding rent due.
Lacy failed to make payments for the first two months. However, Warehouse forgave this debt after Lacy paid the rental amount for the third month. From September 1998 through July 1999, Lacy again failed to pay the rent due. In April 1999, Warehouse sent Lacy, by certified mail, a notice of its intent to sell the contents of the storage unit. Before the sale could take place, Lacy made payments toward her total past due rental amount, and Warehouse canceled the sale.
Subsequently, from August 1999 until December 1999, Lacy again failed to pay the rent. In October 1999, Warehouse sought to sell the contents of Lacy's storage unit and notified her by certified mail of its intent to sell the contents. The address on the certified-mail receipt indicated that the letter was sent to "648 Gehig St., Eight Mile, AL, 36613."[1]
(Emphasis added.) No "green card" or return receipt appears in the record. Lacy never responded to the notice, and Warehouse sold the contents of the storage unit.
Lacy sued Warehouse in January 2001, alleging negligence and conversion. After discovery, Warehouse moved for a summary judgment. Warehouse attached to the motion as exhibits various certified-mail receipts, along with an affidavit of Don Reese, the owner of Warehouse. Lacy responded to the motion, arguing that Warehouse did not prove that the second notice, pursuant to which the sale was actually conducted, had been mailed to her home address. Included in the response was an affidavit by Lacy stating that she had not received the October 1999 notice.
The trial court entered a summary judgment for Warehouse. Lacy filed a motion to alter, amend, or vacate the trial court's *Page 156 
judgment on the ground of newly discovered evidence, namely, a letter from the United States Postal Service, Mobile main post office, indicating that it had no record of delivery for the second certified letter. The trial court denied the motion, and Lacy appealed.
The standard of review for a ruling on a motion for summary judgment is well settled:
 "`When reviewing a ruling on a motion for a summary judgment, this Court applies the same standard that the trial court used "in determining whether the evidence before the court made out a genuine issue of material fact." Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala. 1988). When a party moving for a summary judgment makes a prima facie showing that there is no genuine issue of material fact and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmovant to present substantial evidence creating a genuine issue of material fact. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). . . . In reviewing a ruling on a motion for a summary judgment, this Court views the evidence in the light most favorable to the nonmovant and entertains such reasonable inferences as the jury would have been free to draw. Renfro v. Georgia Power Co., 604 So.2d 408, 411 (Ala. 1992).'
 "City of Orange Beach v. Duggan, 788 So.2d 146, 149 (Ala. 2000)."
Watkins v. Board of Managers of Birmingham Ret. Relief Sys.,802 So.2d 190, 193 (Ala. 2001).
Lacy argues that there is a genuine issue of material fact as to whether Warehouse properly notified her that it sought to sell the contents of her storage unit. Specifically, Lacy claims that Warehouse failed to give her the notice required by Ala. Code 1975, § 7-7-210. That section provides, in pertinent part:
 "(2) A warehouseman's lien on goods other than goods stored by a merchant in the course of his business may be enforced only as follows:
 "(a) All persons known to claim an interest in the goods must be notified.
 "(b) The notification must be delivered in person or sent by registered or certified letter to the last known address of any person to be notified."
(Emphasis added.)
Warehouse claims that it sent notice by certified mail as required by § 7-7-210(2)(b). As support for this argument, Warehouse offered the certified-mail receipt and the affidavit of Don Reese, the owner of Warehouse, in which Reese stated that he mailed the notice. However, the address on the return receipt reads "648 Gehig St.," with the zip code of "36613." This is neither the address listed for Lacy in the lease agreement nor the address at which she received the previous certified letter. Warehouse offered no other evidence showing that it sent the notice to the "last known address of any person to be notified," i.e., Lacy, as required by § 7-7-210(2)(b).
In viewing the evidence in the light most favorable to the nonmovant and drawing such reasonable inferences as the fact-finder would have been free to draw, Renfro, 604 So.2d at 411, we hold that Warehouse failed to show that there was no genuine issue of material fact regarding whether it complied with the notice requirements of § 7-7-210(2). The trial court thus erred in granting Warehouse's motion for summary judgment.
The judgment of the trial court is due to be reversed and the case remanded for further proceedings.
REVERSED AND REMANDED. *Page 157 
Moore, C.J., and Johnstone and Woodall, JJ., concur.
Lyons, J., concurs specially.
[1] The certified-mail receipt for the previous notice Warehouse sent Lacy indicates that it was sent to "648 Gerhrig St., Eight Mile, AL, 36613." However, the return receipt, or "green card," which is signed by Lacy, shows her correct address: "648 Gehrig St., Eight Mile, AL, 36610."